12/23/85 #8913E

FILED
JAN 10 1986
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

LODGED
JAN 7 1986
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>H.C. ANGLE, et al.,<br><br>             Defendants. | EQUITY NO. 30<br>CIVIL NUMBER S-80-583-PCW<br><br>ORDER CONFIRMING CHANGES<br>IN CERTAIN DECREED RIGHTS |

    WHEREAS, on February 3, 1984, the United States of America on behalf of the Department of Agriculture, U. S. Forest Service (hereafter Forest Service), filed a petition in this action to confirm changes in point of diversion, place of use and purpose of use of certain rights decreed herein, herein called the Forest Service right, and to transfer certain decreed rights, which petition is hereafter called the Forest Service Petition; and

    WHEREAS, on February 13, 1984, the County of Colusa, Arthur W. Schaefer, Phil B. Shimmel, and Wanda M. Shimmel, hereinafter collectively called the Colusa County Petitioners, filed a petition to confirm change in point of diversion, place

1  of use, and purpose of use of certain rights decreed herein,
2  herein called the Schaefer-Shimmel right, and to transfer cer-
3  tain decreed rights, which petition is hereinafter called the
4  Colusa County Petition; and
5      WHEREAS, Respondent Orland Unit Water Users' Association,
6  and the U. M. Buckley Respondents, filed points and authorities
7  in opposition to the Forest Service Petition and the Colusa
8  County Petition; and
9      WHEREAS the Forest Service, the Colusa County Petitioners,
10 Respondent Orland Unit Water Users' Association and the U. M.
11 Buckley Respondents have stipulated to the following order
12 providing for the granting of such petitions upon the following
13 terms and condi- tions, and good cause appearing:
14                                     PART I.
15     IT IS HEREBY ORDERED that the following transfers and
16 changes in points of diversion, place of use and purpose of use
17 be confirmed as follows:
18                         A.   <u>Schaefer-Shimmel Right</u>
19     The transfer of the following decreed water rights set
20 forth in the Final Decree in the above entitled action ("Angle
21 Decree"), herein called the Schaefer-Shimmel Right from peti-
22 tioners Arthur W. Schaefer, Phil B. Shimmel, and Wanda M.
23 Shimmel to petitioner County of Colusa is confirmed: A portion
24 of the decreed right to divert from Big Stony Creek through the
25 Kesselring Ditch, shown in the Angle Decree (p. 125) as owned by
26 F.M. Kesselring and Annie M. Kesselring, with a priority date
27 ///
28 ///

McDONOUGH, HOLLAND
& ALLEN
A PROFESSIONAL CORPORATION

-2-

of April 14, 1890 appurtenant to the lands conveyed to Arthur W. Schaefer and Phil B. Shimmel.

The Schaefer-Shimmel right is based on the ownership of three acres of land, two of which are within the Southeast one-quarter of the Northeast one-quarter of Section 32, T 18N, R 6 W, MDB&M, and the third of which is in the Northeastern-quarter of the Northeast one-quarter of the same section. The maximum diversion for the irrigation season applicable to such right is 11.25 acre-feet, of which not more than 2.82 acre-feet could be diverted during the month of maximum use under the Angle Decree. The maximum amount diverted during the month of maximum use under the Schaefer-Shimmel right is hereby increased to 4.02 acre-feet, but the maximum amount which can be diverted for the irrigation season is not changed.

The changes in point of diversion, place of use, and purpose of use of the above described decreed right is confirmed as follows:

(a) Point of Diversion. The current Angle Decree point of diversion for the above referenced right is described as being with in the Northeast Quarter of Section 31, Township 8 North, Range 6 West, Mount Diablo Base and Meridian, California. The new point of diversion is confirmed to be at the Colusa County wells located within the Northeast Quarter of the Southwest Quarter of Section 29, Township 18 North, Range 6 West, Mount Diablo Base and Meridian, California.

(b) Place of Use. The new place of use of the above referenced right includes the Colusa County Service Area No. 2

///

(Stonyford); as shown on the map attached hereto and marked Exhibit A, and not more than five acres of the Schaefer-Shimmel property adjacent to and including that within said service area.

(c) <u>Purpose of Use</u>. The purpose of use of the above referenced right is confirmed to include, in addition to irrigation, domestic and municipal purposes including fire suppression.

(d) <u>Fire Suppression</u>. Water utilized for emergency use in suppressing fires by the Forest Service or by the County of Colusa shall not be included within the limitation expressed herein, as to the quantity used, and such water may be used anywhere within the existing fire district.

### B. Forest Service Right

The Forest Service Right is described at page 121 of the Angle Decree under the name of F. M. Kesselring and Annie M. Kesselring. This right is for the diversion of water for the irrigation of 5 acres in the Southeast one-quarter of the Southeast one-quarter of Section 29, T 18 N, R 6 W, MDB&M (with 3.75 acre-feet of water per acre) from Big Stony Creek through Kesselring Ditch.

Diversion under this Forest Service Right may not exceed 18.75 acre-feet for the irrigation season, and under the Angle decree, the right for the month of maximum use would be 4.7 acre-feet. The maximum amount which can be diverted during the month of maximum use under the Forest Service Right is hereby increased to 6.7 acre-feet, but the maximum amount which can be diverted for the irrigation season is not changed.

///

///

-4-

The changes in point of diversion, place of use, and purpose of use of the Forest Service Right hereafter confirmed are for the term of the contract, dated May 17, 1983, between the Forest Service and Colusa County, that is, for a term of one year beginning with the first day of June, 1983, for a period of five years and any renewal or extension thereof; provided, however, that the Forest Service shall give one years' notice to the Watermaster under the decree of any failure to renew or extend, and upon the filing of such notice the Forest Service and Colusa County shall jointly file with this Court and serve upon all parties to this Decree a plan for future operations, for approval by this Court.

The changes in point of diversion, please of use, and purpose of use of the Forest Service Right is hereby confirmed, subject to the paragraph next above, as follows:

(a) Point of Diversion. The current Angle Decree point of diversion for the above referenced right is described as being with in the Northeast Quarter of Section 31, Township 18 North, Range 6 West, Mount Diablo Base and Meridian, California. The new point of diversion is confirmed to be at the Colusa County Wells located within the Northeast Quarter of the Southwest Quarter of Section 29, Township 18 North, Range 6 West, Mount Diablo Base and Meridian, California.

(b) Place of Use. The new place of use of the above referenced right includes the Colusa County Service Area No. 2 (Stonyford); as shown on the map attached hereto and marked Exhibit A and not more than five acres of the Schaeffer-Shimmel property adjacent to and including that within said Service Area.

     (c) <u>Purpose of Use</u>. The purpose of use of the above referenced rights is confirmed to include, in addition to irrigation, domestic and municipal purposes including fire suppression.

     (d) <u>Fire Suppression</u>. Water utilized for emergency use in suppressing fires by the Forest Service or by the County of Colusa shall not be included within the limitation expressed herein, as to the quantity used, and such water may be used anywhere within the existing fire district.

## PART II.

IT IS HEREBY FURTHER ORDERED that the foregoing transfer and confirmation of changes are the result of unique circumstances and should not be considered as a precedent for future such petitions, and accordingly are made subject to the following conditions:

     (a) All water diversion by the county wells will be metered at the wells by Colusa County on a monthly basis, and records of use provided to the Watermaster within ten days after the end of the month. The Watermaster and one person appointed from time to time by the Watermaster Supervision Committee shall have access to the well sites to make such additional inspection or monitoring as he shall deem appropriate. All such usage during the Angle Decree season shall be under the direction and supervision and control of the Watermaster.

The meter on the wells of the County of Colusa is presently calibrated in hundreds of gallons; if there is a change in the method of metering, Colusa County shall notify the Watermaster prior to making the change.

(b) The usage by the County of Colusa from the wells during the season April 15 to September 15 of each year shall not exceed the total amounts established herein for diversions under the Forest Service and Schaefer-Shimmel rights.

(c) No additional pumping capacity will be added to the two present pumping plants of the county and no additional wells will be installed except in replacement of existing wells.

(d) No water may be delivered to any lands lying outside the present limits of the Stonyford service area as shown on Exhibit A, except from the Schaefer-Shimmel right to the extent of not more than five acres on the Schaefer-Shimmel property adjacent to and including that within said service area and except for fire suppression purposes.

(e) No change in any of the foregoing conditions may be made by any petitioner herein or their successors or assigns without prior written notice to the Watermaster and all parties who may be affected, and order of this court.

(f) This court makes no finding as to the nature or extent of any other water right of any petitioner or other water user under the Decree.

(g) If, in the event of a general water shortage, conservation is required to be imposed by the Watermaster upon water users under the Decree, petitioners shall comply with such water conservation as is directed by the Watermaster; however, this order does not intend that the conversion from irrigation to domestic use shall affect any priority existing prior to the transfer.

///

(h) The Watermaster shall have the same power to order cessation or reduction of use by Petitioners as in applicable to all other users of water under the Angle Decree.

(i) Petitioners, the Watermaster, or any other party to the Decree may petition this court for review of this part of this order should any detriment appear to be caused thereby. Notice of any such petition shall be given to all parties who may be affected.

## PART III.

IT IS HEREBY ORDERED, that the following additional protection of present uses under the Angle Decree be provided:

The Watermaster Supervision Committee, created by order of this court entered in 1980, which is made up of one representative of Glenn-Colusa Irrigation District, one representative of Orland Unit Water Users, one representative of the Bureau of Reclamation, and two representatives of the landowners within the watershed, plus the Watermaster himself, making up a total of six, is authorized to hear any proposals in regard to water use prior to any action by Colusa County in regard to a development proposal within the watershed of Stony Creek. A development proposal would be deemed to be a lot split, subdivision, planned unit development or building permit. If the Committee finds that there was adequate water available or rights available under the Angle Decree, or that the use of water proposed would not impact the Angle Decree, by an affirmative vote of four members if all members are voting, or by an affirmative vote of three members if the representative of the Bureau of Reclamation does not participate, Colusa County may accept for

processing and take whatever action it deems proper in regard to the proposal.

If the Watermaster Supervision Committee does not make such a finding, then the water right and availability of water must be determined by this Court, and in such case Colusa County agrees and is ordered not to process and/or approve any development permit until a decree of the Court authorizes an adequate water supply for the use of land proposed.

The Watermaster Supervision Committee shall base its decision upon a determination as to the water supply and storage needed for the development and determine whether that supply is considered by the Committee to be legally available to the property. All Health Department and environmental requirements shall also continue to apply to the proposed development.

The Watermaster Supervision Committee shall establish an informal procedure without formal notice and hearing but with an opportunity to the developer to present the proposed development plan. Upon disposition by the Committee, the applicant or any other interested party may petition this Court for de novo hearing and shall provide notice as may be ordered by the Court.

This Part III of this Order shall have a term of 25 years, or until this Court finds and determines that there are other adequate and reasonable measures to provide for the objects of this order and this order is no longer reasonably required, whichever first occurs.

///

///

///

McDONOUGH, HOLLAND
& ALLEN
A PROFESSIONAL CORPORATION

PART IV.

IT IS FURTHER ORDERED that all parties shall bear their own costs in this proceeding.

Dated: Jan. 8, 1986

*Philip C. Wilkins*
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion as to be competent to serve papers.

That on ___January 7, 1986___, she served a copy of the attached:

ORDER CONFIRMING CHANGES
IN CERTAIN DECREED RIGHTS

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States Mail at Sacramento, California:

George Basye
DOWNEY, BRAND, SEYMOUR
  & ROHWER
555 Capitol Mall, Suite 1050
Sacramento, CA  95814

Martin McDonough
McDONOUGH, HOLLAND & ALLEN
555 Capitol Mall, Suite 950
Sacramento, CA  95814

Paul J. Minasian
MINASIAN, MINASIAN, MINASIAN,
  SPRUANCE & BABER
1681 Bird Street, P.O. Box 1679
Oroville, CA  95965-1679

_____
VIRGIE TOMS



EXHIBIT A

COLUSA COUNTY SERVICE AREA NO. 2

MBK 12-85

CERTIFICATE OF SERVICE

```
USA              )
                 )
                 )
         v       )                    Case #CIV S -80-583-PCW
                 )
H.  C ANGLE, ET AL )
                 )
```

I, the undersigned, do hereby certify that I am an employee in the office of the Clerk, U.S. District Court, Eastern District of California, and that on

_____January 10, 1986_____, I served a copy of the attached
   STIPULATION FOR ORDER + ORDER CONFIRMING CHANGES IN CERTAIN DECREED RIGHTS
by placing said copy in a postage paid envelope addressed to the persons listed below by depositing said envelope in the U.S. Mail at Sacramento, California; or by placing said copy into an inter-office mail box located in the Clerk's Office.

| SERVED BY MAIL | Served by Inter-office |
|---|---|
| DOWNEY, BRAND, SEYMOUR & ROHWER<br>GEORGE BASYE<br>555 Capitol Mall, Ste 1050<br>Sacramento, CA 95814 | AUSA- ROBINSON<br><br>JUDGE WILKINS |
| HAROLD WILSEY, FR.<br>Colusa County Counsel<br>Colusa, CA 95932 | |
| MINASIAN, MINASIAN, MINASIAN, SPRUANCE & BABER<br>PAUL J. MINASIAN<br>1681 Bird Street, P.O. Box 1679<br>Oroville, CA 95965 | |
| McDONOUGH, HOLLAND & ALLEN<br>MARTIN McDONOUGH<br>555 Capitol Mall, Ste 950<br>Sacramento, CA 95814 | |
| GEORGE WILSON<br>C/O ORLAND UNIT WATER USERS ASSOC.<br>828 Eight Street<br>Orland, CA 95963 | |
| DANIEL F. GALLERY, APC<br>926 Jay Building, #505<br>Sacramento, CA 95814 | |

_____
Deputy Clerk