UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE UNITED STATES OF AMERICA,

        Plaintiff,

    v.

H.C. ANGLE, et al.,

        Defendants.
_____/

NO. CIV. S-80-583 LKK

O R D E R

On February 11, 2009, this court granted a motion by plaintiff United States to amend the Angle Decree, which governs allocation of water rights to the flows of Stony Creek and its tributaries in Northern California. The amendment regarded modification to the place of use of certain water rights, and created a new procedure for consideration of future modifications. Defendant Michael J. Barkley opposed the motion to amend, and filed a counter-motion to vacate the decree. Defendant's cross motion was denied.

Defendant now moves for reconsideration of the February 11, 2009 order. For the reasons stated below, defendant's motion is denied.

1

# I. STANDARD FOR A MOTION TO RECONSIDER

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment). The motion must be filed no later than ten days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these ground must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion may also be brought for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Pursuant to Eastern District of California Local Rule

78-230(k), when a party asks for reconsideration of a order granting or denying a motion, the party is to set forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:

    (1)  when and to what Judge or Magistrate Judge the prior motion was made,

    (2)  what ruling, decision or order was made thereon,

    (3)  what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and

    (4)  why the facts or circumstances were not shown at the time of the prior motion.

L.R. 78-230(k).

Defendant also argues that the present motion is based on fraud on the court. Fed. R. Civ. P. 60(d)(3), although not a grant of power for reconsideration, recognizes the court's pre-existing power to set aside a judgment for fraud on the court. Here, however, defendant has not argued that there was fraud affecting this court's order. Instead, defendant argues that fraud was committed relating in the proceedings adopting the original decree. While the court may have the power to reconsider, it is clear that the moving party is guilty of laches, and the court will not consider the motion.

## II. ANALYSIS

Defendant makes four arguments for reconsideration:

1) This court's purported misapplication of <u>Nevada v. United States</u>, 463 U.S. 110 (1983).

2) Fraud on the court at the time the decree was adopted.

3) That sufficient evidence of discriminatory enforcement of the decree exists.

4) The order's silence regarding issues of underflow.

These arguments primarily address defendant's counter-motion. The second, third, and fourth arguments all seek to present additional evidence to the court. As explained above, to bring a motion for reconsideration on the basis of additional evidence, a party must explain why this evidence was not presented at the time of the prior motion. Defendant offers two purported explanations. First, he argues that he was prevented from presenting this evidence at oral argument. Because defendant had an opportunity to present these allegations and evidence in his briefing prior to the hearing, this argument is without merit. Second, defendant argues that he has since completed further research, and has obtained a firmer grasp of these issues. This argument does not demonstrate that this evidence was not available through the exercise of due diligence at the prior stage. This is especially true in that, as the court explained, defendant's counter-motion was separate from, and did not need to be brought at the same time as, plaintiff's motion to amend. Order, 10.

Defendant's remaining ground for reconsideration does not turn on additional evidence, but instead argues that this court misapplied Nevada v. United States, 463 U.S. 110 (1983). This court held that, pursuant to Nevada, the time for bringing challenges to the original decree had passed, and the court thereby

declined to address the merits of that aspect of defendant's challenge. Order, 8-9. Defendant has not made a showing warranting reconsideration Nevada's effect on defendant's cross-motion. However, defendant now argues that notwithstanding the validity of the original decree, a separate passage in Nevada compelled denial of plaintiff's motion to amend.[1] Def.'s Brief Supp. Mot. Reconsider, 2. Defendant did not advance this argument in any of his prior filings, and has made no showing as to why it could not have been advanced before. Nonetheless, the court addresses the merits of this argument.

Section 8 of the Reclamation Act of 1902, 33 Stat. 388, provides that "the right of the use of water acquired under the provisions of this Act shall be appurtenant to the land irrigated . . . ." Interpreting this provision and related caselaw, Nevada held that when the United States acquired title to the water at issue in that case, the United States's "'ownership' of the water rights was at most nominal," because the beneficial interest in the water right resided with the owners of the irrigated lands. 463 U.S. at 126. Accordingly, the Court held that the United States's nominal ownership of the right did not entitle the government to shift the water between end users as the government saw fit over the objections of the holders of these beneficial interests. Id.

Defendant's motion for reconsideration argues that Section 8

---

[1] Contrary to plaintiff's position in opposition to this motion, because this argument specifically targets the amendment, rather than the decree, it would have been timely raised if brought in opposition to the plaintiff's motion.

5

of the Reclamation Act, as interpreted by the Supreme Court in Nevada, prohibits changes in the place of use of appurtenant rights acquired under the Reclamation Act, and thereby prohibited plaintiff's desired amendment to the Angle Decree. Defendant misinterprets Nevada. Nevada looked to the appurtenance of the water rights merely to determine who held the beneficial interest in the water, holding that the United States could not unilaterally transfer the place of use of water rights over the objection of the owners of the land to which those rights were appurtenant. The Court did not hold that rights' appurtenance prohibits all changes in the rights' place of use. Nevada thereby poses no limit here, where the holders of the relevant beneficial interests created by the Angle Decree (members of the Orland Unit Water Users' Association) have agreed to the proposed amendment and transfer.

Finally, defendant requests that if the court denies the motion for reconsideration, the court nonetheless modify the decree by inserting language confirming defendant's riparian rights to certain underflow. Defendant argues that underflow is outside the scope of the Angle decree, such that this request does not violate the decree's prohibition of attempts to lay additional claims to subject waters. However, this request is distinct from plaintiff's motion to amend the decree and from defendant's motion to vacate or modify the decree. Accordingly, a motion for reconsideration of an order on those motions is not the proper context for this request, and the court declines to address it.

////

### III. CONCLUSION

For the reasons stated above, defendant's motion for reconsideration, Doc. No. 297, is DENIED.

DATED: May 4, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT