UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE UNITED STATES OF AMERICA,

         Plaintiff,

    v.

H.C. ANGLE, et al.,

         Defendants.

                                                /

NO. CIV. S-80-583 LKK

O R D E R

On April 28, 2010, the court ordered the United States and defendant Michael Barkley to file briefs addressing the manner in which the parties may seek a determination of whether the limits imposed by the Angle Decree have been violated. (Dkt. No. 316). The question arose in light of Barkley's allegation that the water master has permitted various parties to access water in excess of their rights under the Decree.

The Decree contains only one apparent provision for enforcement. "[A]ny person, feeling aggriefed [sic] by any action or order of the Water Master, may, in writing and under oath complain to the court, after service of a copy of such complaint

1

1  on the water master, and the court shall promptly review such
2  action or order and make such order as may be proper in the
3  premises." Angle Decree, Art. XVI, p. 176.
4      In a previous dispute regarding the Angle Decree, the
5  aggrieved party filed a complaint for declaratory and injunctive
6  relief in this case. See Complaint filed July 14, 1989 (Dkt. No.
7  105), summ. j. granted by United States v. Angle, 760 F. Supp. 1366
8  (E.D. Cal. 1991), rev'd and remanded sub nom Wackerman Dairy v.
9  Wilson, 7 F.3d 891 (9th Cir. 1993). This is consistent with the
10 Decree's instruction to parties to "complain" to the court.
11 Although both the United States and Barkley suggest that the
12 appropriate procedure may instead be to "file a motion," it does
13 not appear that such a procedure has been used in the past, nor do
14 the parties provide any support for this position. See also 28
15 U.S.C. § 2201(a) ("any court of the United States, upon the filing
16 of an appropriate *pleading*, may declare the rights and other legal
17 relations of any interested party seeking such declaration")
18 (emphasis added), Fed. R. Civ. P. 7(a) (defining "pleading" to
19 include only complaints, answers, and their kin).
20     Practical concerns further support using a cross-complaint for
21 a declaratory judgment. If such a complaint is filed, the court
22 may resolve it using the well-articulated procedures governing such
23 a complaint. To the extent that a "motion" of the type suggested
24 by the parties would differ from a complaint seeking a declaratory
25 judgment, neither party has provided any authority describing the
26 procedures that would govern such a motion.

The United States suggests, without citation to authority, that Barkley's initial filing "should be required to present evidence to establish a *prima facie* case for noncompliance." Pl.'s Brief at 6. The court declines to impose a heightened pleading standard here. See Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1546 (9th Cir. 1994) (en banc) (explaining, in interpreted Fed. R. Civ. P. 9(b), that a federal courts "are not permitted to add new requirements to Rule 9(b) simply because [they] like the effects of doing so."). Although a cross-complaint must contain specific factual allegations, the court declines to determine, in the abstract, what specific allegations will be required. The government may challenge Barkley's filing, if any, under the ordinary standards used to test pleadings. For example, the government may file a Fed. R. Civ. P. 12(b)(6) challenging compliance with pleading requirements or a Fed. R. Civ. P. 12(b)(1) motion addressing whether prior violations of the decree give rise to a present case or controversy.

The United States' brief contains further discussion of whether judicial review of California State Water Resources Control Board decisions relating to the Decree should occur in state or federal court. It does not appear to be necessary for the court to further address that issue at this time. See Order filed April 28, 2010 at 10 (discussing this issue).

Finally, although the court has referred to Barkley's requests as seeking declaratory relief, it appears that Barkley may also seek injunctive relief, i.e., to enforce the provisions that he

3

1  contends have been violated. As noted above, the court has
2  previously allowed a party seeking both declaratory and injunctive
3  relief to proceed under the ordinary federal rules of civil
4  procedure, and the Decree appears to provide a single procedure
5  encompassing all possible relief. Accordingly, the possibility of
6  a request for injunctive relief does not change the court's
7  analysis.

## Conclusion

9   For the reasons stated above, if Barkley desires to continue
10 to litigate this matter, he is directed to file a cross complaint
11 seeking declaratory relief together with any other relief that he
12 contends is appropriate.

13   IT IS SO ORDERED.

14   DATED: July 26, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4