UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>     v.<br><br>H.C. ANGLE, *et al.*,<br><br>         Defendants. | No.  2:80-CV-00583-TLN<br>[In Equity No. 30]<br><br>**ORDER** |

This matter is before the Court on the motion filed by Plaintiff, the United States of America, on behalf of the United States Bureau of Reclamation, to amend the decree ("the Decree" or "the Angle Decree") entered in the above-captioned case by the Hon. Frank H. Kerrigan of this Court on January 13, 1930. (Pl.'s Mot. to Amend, ECF No. 353.) Defendant Michael J. Barkley opposes Plaintiff's motion. (Def.'s Opp'n, ECF No. 356.) The Court is duly advised of the parties' arguments, and after careful consideration of the complete record before the Court in this matter, hereby GRANTS Plaintiff's Motion to Amend the Decree.

**I.     FACTUAL BACKGROUND**

A.  History of the Angle Decree

Following the Reclamation Act of 1902, 43 U.S.C. § 391 *et seq.*,[1] the United States began

---

[1] The Reclamation Act of 1902 "empowers the federal government to acquire water rights for the reclamation and irrigation of land." *Wackerman Dairy, Inc. v. Wilson*, 7 F.3d 891, 893 (9th Cir. 1993).

a water rights adjudication proceeding to settle existing water rights claims to the surface flows of Stony Creek and its tributaries in northern California. *See Wackerman Dairy, Inc. v. Wilson*, 7 F.3d 891, 893 (9th Cir. 1993). These water rights were adjudicated and set forth in the Angle Decree in 1930. *U.S. v. H.C. Angle, et al.*, No. 30, In Equity. Under the Decree, Plaintiff owns specific rights to water used in operating the Orland Project, a federal reclamation project designed to promote the irrigation of agricultural lands for the beneficial use of water. (Mem. of P. & A. Supp. Pl.'s Mot. to Amend, ECF No. 353-1 at 1.) The place of use of these water rights is regulated in the Decree under the Orland Project Land Schedule. *Id*. There is a Court-established process for parties to follow for annexations and changes in place of use of water rights under the Angle Decree.[2] (Order filed February 11, 2009, "February 2009 Order," ECF No. 295.) The Court has approved amendments to the Decree regarding changes in place of use of water rights and the Orland Project Land Schedule in the past. (ECF No. 295; Order filed February 24, 2014, ECF No. 343.)

### B. Proposed Modifications

Plaintiff seeks to modify the place of use of water rights on certain lands described in the Decree to "conform to current irrigation practices, through the annexation of six specified properties, broken down by parcel, into the lands of the Orland Project." (ECF No. 353-1 at 1.) The proposed modifications would increase the total gross acreage of the lands included in the Orland Project Land Schedule from approximately 22,818 acres to approximately 23,385 acres. (*Id.* at 10.) These modifications have the support of the Court-appointed Water Master designated to oversee the Decree and the Orland Unit Water Users' Association (OUWUA). (Decl. of Pendell, ECF No. 353-2; OUWUA Joinder, ECF No. 357.)

### C. Defendant's Allegations

Defendant filed an Opposition to Plaintiff's Motion to Amend. (ECF No. 356.)

---

[2] Parties wishing to make amendments to the Decree must comply with certain procedures before the Court will consider a motion to amend. (ECF No. 295 at 15.) These procedures include, but are not limited to, submitting a written request to the OUWUA, obtaining approval by the OUWUA and the Water Master, as well as providing notice and opportunity for objections regarding the proposed changes, and filing the motion or proposed order with the Court. (*See id.* at 15–17.)

1  Defendant makes overarching arguments against the validity of the entire Angle Decree, yet does
2  not raise any specific concerns about the proposals presented in Plaintiff's Motion to Amend.
3  (*See* ECF No. 356; Decl. of Barkley, ECF No. 356-1.)  Rather, Defendant asks that consideration
4  of the Motion to Amend "be postponed indefinitely" until Plaintiff and the United States
5  Department of Justice perform certain acts.[3]  (ECF No. 356 at 2.)

**II.   STANDARDS OF LAW**

The 1930 Angle Decree provides the applicable standard of review to determine whether the Decree should be amended with regard to the elements of the water rights determined by the Court, including changes in the place of use of the water.  The Decree states that:

> [A]ny of the parties to whom the rights to water have been decreed herein shall be entitled, in accordance with applicable laws and legal principles, to change the point of diversion and the places, means, manner or purpose of the use of the water to which they are so entitled or for any part thereof, so far as they may do so without injury to the rights of the other parties as the same are defined herein.

(Decl. of Colella, Ex. 1, at 175, ECF No. 278.)  Accordingly, as long as a party with decreed water rights can demonstrate that the proposed change is in accordance with applicable laws, then the only consideration for the Court is whether the change can be accomplished "without injury to the rights of other parties" as defined in the Decree.  Absent proof of injury, a party is entitled to change the place of use for its water rights.

**III.   ANALYSIS**

A.  Defendant's Opposition is Non-Responsive

As previously stated, Defendant's Opposition fails to include the grounds upon which he opposes Plaintiff's Motion to Amend.  (*See* ECF No. 356; ECF No. 356-1.)  Defendant does not assert or offer proof that the proposed modifications violate applicable laws and legal principles or that the modifications will injure his rights as a decreed water rights holder.  (*See* ECF No. 356; ECF No. 356-1.)  Therefore, the Court finds that Defendant's Opposition is non-responsive to the issues raised in the Motion to Amend, and thus the Court rejects Defendant's arguments.

---

[3] Defendant makes numerous other claims and requests in his Opposition and Declaration.  (*See* ECF No. 356; Decl. of Barkley, ECF No. 356-1.)  However, the Court declines to address these points as they are not relevant to the specific issue presented to the Court by the Plaintiff's Motion to Amend.

B.  Plaintiff's Motion

Plaintiff requests this Court amend the Angle Decree by approving the proposed changes in the place of use for the decreed water rights and the annexation of six properties into the Orland Project. (ECF No. 353; ECF No. 353-1; Pl.'s Reply in Supp., ECF No. 358.)

> i.  *Proposed Modifications are in Accordance with Applicable Law*

Under the Angle Decree, Plaintiff has the total water right of 85,050 acre-feet (af) of natural flow during the irrigation season and the right to reclaim and irrigate up to 21,000 acres of the gross lands of the Orland Project described in the Orland Project Land Schedule. (*See* ECF No. 295 at 15.)  The annexation of the proposed six properties would increase the total gross acreage of the lands included in the Orland Project Land Schedule from approximately 22,818 acres to approximately 23,385 acres. (ECF No. 353-1 at 10.)  However, the number of acres actually irrigated per given year will remain approximately 20,597 acres per the limitation imposed by Plaintiff's existing Final Water Right Certificates.[4] (*Id.* at 11.)  As such, there would be no increase in the acreage receiving water for irrigation per year.  Further, the proposed change in the place of use of the water rights will not result in an increase in the quantity of water put to beneficial use under the Angle Decree. (*Id.* at 12.)  Therefore, the Court finds that the proposed modifications are in compliance with the limits set forth in the Angle Decree.

> ii.  *No Injury to the Rights of Other Parties*

Pursuant to the February 2009 Order, Plaintiff's proposed modifications underwent review by OUWUA and the Court-appointed Water Master. (ECF No. 358 at 1.)  The Water Master found that the annexations of the six properties would not injure the rights of any other water right holder under the Decree. (ECF No. 353-2 at 2.)  The manager of the OUWUA agrees with the Water Master's evaluation. (Decl. of Massa, ECF No. 357-1.)  Given these assessments along with the finding that there will not be an increase in irrigated lands nor an increase in the quantity of water used as a part of the Orland Project, the Court finds that the proposed amendments will

---

[4] In order to receive Orland Project water, a landowner must obtain a Final Water Right Certificate showing the landowner has repaid a proportionate share of the Orland Project's construction cost. (ECF No. 353-1 at 11.)  This certificate specifies the number of irrigable acres covered by the certificate and limits the water right to the amount of water that can be put to the authorized beneficial use of irrigation on those acres. (*Id.* at 6.)

not injure the rights of other parties under the Angle Decree.  Therefore, the Court finds that good cause exists to GRANT Plaintiff's motion.

### IV.    CONCLUSION

For the reasons set forth above, IT IS HEARBY ORDERED THAT Plaintiff's Motion to Amend is GRANTED.  (ECF No. 353.)

The Project Land Schedule of the Angle Decree is AMENDED to annex the following lands into the Orland Project:

| NAME | SN | ACRES | LOCATION | TOTAL ACRES |
|---|---|---|---|---|
| Blair | 860 | 14.6 | NW1/4 NE1/4 Sec. 23-T22N R3W | |
| | | 1.6 | NE1/4 NW1/4 Sec. 23-T22N R3W | 16.2 |
| Lowe | 862 | 7.27 | NE1/4 SE1/4 Sec. 14 T22N R4W | |
| | | 4.92 | NW1/4 SW1/4 Sec. 13 T22N R4W | |
| | | 40.18 | SE1/4 SE1/4 Sec. 14 T22N R4W | |
| | | 18.16 | SW1/4 SW1/4 Sec. 13 T22N R4W | 70.53 |
| Orland Ranch LLC | 863 | 40.06 | SE1/4 SW1/4 Sec. 25 T22N R4W | |
| | | 40.11 | NE1/4 SW1/4 Sec 25 T22N R4W | |
| | | 39.98 | NW1/4 SE1/4 Sec. 26 T22N R4W | |
| | | 39.96 | SW1/4 SE1/4 Sec. 26 T22N R4W | |
| | | 40.29 | NE1/4 NE1/4 Sec. 26 T22N R4W | |
| | | 40.28 | SE1/4 NE1/4 Sec. 26 T22N R4W | |
| | | 40.25 | NW1/4 NE1/4 Sec. 26 T22N R4W | |
| | | 40.23 | SW1/4 NE1/4 Sec. 26 T22N R4W | 321.16 |
| Laurel Creek LLC | 864 | 7.02 | NW1/4 SE1/4 Sec. 11 T22N R4W | |
| | | 37.12 | SW1/4 SE1/4 Sec. 11 T22N R4W | 44.14 |
| Fodge | 865 | 0.25 | NW1/4 NE1/4 Sec. 6 T21N R3W | |
| | | 3.92 | NE1/4 NE1/4 Sec. 6 T21N R3W | |
| | | 5.06 | NE1/4 NE1/4 Sec. 6 T21N R3W | |
| | | 35.26 | NW1/4 NW1/4 Sec. 5 T21N R3W | |

| | | | | |
|---|---|---|---|---|
| | | 10.29 | SW1/4 NW1/4 Sec. 5 T21N R3W | 54.78 |
| Old Colony Ranch | 866 | 4.38 | SE1/4 NE1/4 Sec. 32 T23N R4W | |
| | | 3.32 | SW1/4 NW1/4 Sec. 33 T23N R4W | |
| | | 26.39 | NW1/4 SW1/4 Sec. 33 T23 R4W | |
| | | 1.99 | NE1/4 SW1/4 Sec. 33 T23N R4W | |
| | | 1.51 | SE1/4 SW1/4 Sec. 33 T23N R4W | |
| | | 1.79 | SW1/4 SW1/4 Sec. 33 T23N R4W | |
| | | 5.33 | SW1/4 SW1/4 Sec. 33 T23N R4W | |
| | | 7.39 | NW1/4 SW1/4 Sec. 33 T23N R4W | |
| | | 6.70 | NE1/4 SE1/4 Sec. 32 T23N R4W | |
| | | 1.23 | NE1/4 SE1/4 Sec. 32 T23N R4W | 60.03 |

The number of acres within the Orland Project to which Orland Project water may be delivered in any given irrigation season, including newly annexed lands, will remain capped at 21,000 acres, as prescribed in the Angle Decree.

IT IS SO ORDERED.

Dated: February 23, 2016

Troy L. Nunley
United States District Judge